# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Scott Morris<br>3601 Black Gold Dr.<br>Mckinney, TX 75070<br><br>        Plaintiff,<br><br>v.<br><br>Focus Receivables Management, LLC<br>c/o Greg Schubert, Registered Agent<br>1130 Northchase Parkway<br>Marietta, GA 30067<br><br>        Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff incurred a debt primarily for personal, family or household purposes in or around February 2006.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On June 13, 2007, Plaintiff filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code.

10. Plaintiff listed the debt in question on Schedule F of Plaintiff's bankruptcy petition.

11. On or around January 18, 2008, Defendant telephoned Plaintiff in an attempt to collect the debt.

12. During this communication, Plaintiff informed Defendant that Plaintiff had filed chapter 13 bankruptcy and provided the bankruptcy case number.

13. On information and belief, on or around January 21, 2008, Defendant obtained a copy of Plaintiff's credit report, which also indicated that Plaintiff had filed bankruptcy.

14. Despite knowledge of Plaintiff's bankruptcy, Defendant telephoned Plaintiff several times on or around January 21, 2008 in an attempt to collect the debt.

15. On or around January 21, 2008, Plaintiff's bankruptcy attorney telephoned Defendant, provided Plaintiff's bankruptcy case information, and asked Defendant why Defendant continued to contact Plaintiff regarding the debt.

16. During this communication, Defendant admitted that Defendant was aware of the bankruptcy and confirmed that the communications would stop.

17. Despite these notices, Defendant sent Plaintiff a letter dated January 22, 2008 in attempt to collect the debt.

18. Despite these notices, Defendant sent Plaintiff a letter dated February 1, 2008 in an attempt to collect the debt.

19. Despite these notices, Defendant telephoned Plaintiff several more times in or around February 2008 in attempt to collect the debt.

20. During several of the communications referenced above, Defendant failed to identify itself as a debt collector.

21. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

22. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. In demanding payment in the amount that it did, Defendant violated 15 U.S.C. §1692e(2) in that it falsely represented the character and amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was a debt collector.

## JURY DEMAND

31. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

32. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: /s/Jacques J. LeMarier
   Jacques J. LeMarier
   Attorney for Plaintiff
   Bar # 24039016
   8131 LBJ Freeway, Suite 745
   Dallas, TX 75251
   Telephone: 866-339-1156
   Email: jjl@legalhelpers.com